STEVE G. AND DELORA LIGHTSEY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Lightsey v. Commissioner
Docket No. 21086-94.
United States Tax Court
T.C. Memo 1995-394; 1995 Tax Ct. Memo LEXIS 394; 70 T.C.M. (CCH) 431; August 16, 1995, Filed *394 An order will be entered (1) granting respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 27, 1994, as to petitioner Steve G. Lightsey and denying it as to petitioner Delora Lightsey; and (2) granting respondent's Motion to Dismiss for Lack of Jurisdiction as to Delora Lightsey, filed May 4, 1995. Steve G. and Delora Lightsey, pro se. John B. Harper and Jordan S. Musen, for respondent. ARMEN, Special Trial Judge ARMEN
MEMORANDUM OPINION ARMEN, Special Trial Judge: This matter is before the Court on (1) Respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 27, 1994, and (2) respondent's Motion to Dismiss for Lack of Jurisdiction as to Delora Lightsey, filed May 4, 1995. Respondent contends in her motion filed May 4, 1995, that the notice of deficiency that is the focus of this case is invalid as to petitioner Delora Lightsey . In this regard respondent concedes that such notice was not mailed to petitioner Delora Lightsey at her last known address as required by section 6212(b). [1] Accordingly, the issue for decision is whether the notice of deficiency is valid as to petitioner Steve G. Lightsey. [2] The resolution of this issue turns *395 on whether the notice was mailed to petitioner at his last known address. Background
Petitioners timely filed a joint income tax return for 1991, the taxable year in respect of which respondent issued the notice of deficiency that is the focus of this case. [3]
On or about September 30, 1993, petitioner Delora Lightsey filed a separate income tax return for 1992, specifically electing the filing status "married filing separate return". On her 1992 return, petitioner Delora *396 Lightsey listed her address as 1681-C Valley Ave., Birmingham, Alabama 35209 (the Valley Avenue address). The record does not clearly reveal whether or not petitioner Steve G. Lightsey filed an income tax return for 1992 and, if he did file a return, what address he might have listed thereon. On or about April 15, 1994, petitioners filed a joint income tax return for 1993. In their 1993 return, petitioners listed the Valley Avenue address as their address. On or about June 19, 1994, as a consequence of an audit of her separate 1992 return, petitioner Delora Lightsey notified respondent of a change of her address to 1403 Sutherland Place, Homewood, Alabama 35209 (the Sutherland Place address). [4] By letter dated July 4, 1995, respondent acknowledged petitioner Delora Lightsey's change of address. Notably, the letter dated July 4, 1994, sets forth only the name and taxpayer identification number of petitioner Delora Lightsey and does not include any reference whatsoever to petitioner Steve G. Lightsey. *397 By notice of deficiency mailed August 12, 1994, respondent determined a deficiency in petitioners' income tax for the taxable year 1991 in the amount of $ 2,785. The notice of deficiency was mailed to petitioners at the Valley Avenue address. [5]
Petitioners filed a joint petition with this Court on November 14, 1994. [6] *398 The petition was hand delivered to the Court by private courier (Federal Express). The envelope bearing the petition indicates that petitioners delivered the petition to the courier on Friday, November 11, 1994. [7] The air bill on the envelope bearing the petition lists petitioners' address as the Valley Avenue address. [8]
As indicated, respondent originally filed a Motion to Dismiss for Lack of Jurisdiction on the ground that the petition was not timely filed. However, after discovering the letter dated July 4, 1994, acknowledging petitioner Delora Lightsey's change of address, respondent filed a second motion to dismiss as to petitioner Delora Lightsey. In the second motion, respondent contends that this case should be dismissed for lack of jurisdiction as to petitioner Delora Lightsey because the notice of deficiency is invalid as to her. In this regard, respondent concedes that the notice of deficiency was not mailed to petitioner Delora Lightsey at her last known address. Respondent continues to adhere to her original position that this case should be dismissed for lack of jurisdiction as to petitioner Steve G. Lightsey because he failed to file a timely petition under section 6213(a). Petitioner Steve G. Lightsey objects to respondent's motion to dismiss on the ground that respondent's acknowledgement *399 of petitioner Delora Lightsey's change of address should also be construed as an acknowledgement of his change of address. [9]
A hearing was conducted in this case on May 31, 1995, in Washington, D.C. Following the hearing, the Court issued an Order directing both parties to furnish the Court with any written communications between them during the period 1992 through 1994. In addition, petitioners were directed to advise the Court of: (1) The various addresses that they maintained during the period 1992 through 1994; and (2) the date that they received the notice of deficiency. A second hearing was conducted in this case on July 19, 1995, also in Washington, D.C. Based on the parties' responses to the Court's aforementioned Order, it is evident that, other than materials already *400 submitted in this case, there are no additional written communications between the parties relevant to the issue of petitioner's last known address at the time that the notice of deficiency was issued. Further, although the parties agree that petitioner Delora Lightsey accepted delivery of the notice of deficiency, petitioners have no recollection of the date on which the notice was actually received, and there are no postal records presently available that would establish such date. Petitioner Steve G. Lightsey contends that he mailed the petition to the Court within 2 weeks of the date that he received the notice of deficiency from petitioner Delora Lightsey. [10]
Discussion
This Court's jurisdiction to redetermine a deficiency depends *401 upon the issuance of a valid notice of deficiency and a timely filed petition. Rule 13(a), (c); ; . Section 6212(a) expressly authorizes respondent, after determining a deficiency, to send a notice of deficiency to the taxpayer by certified or registered mail. It is sufficient for jurisdictional purposes if respondent mails the notice of deficiency to a taxpayer at the taxpayer's "last known address". Sec. 6212(b); . If a notice of deficiency is mailed to a taxpayer at the taxpayer's last known address, actual receipt of the notice is immaterial. , affg. ; ; . The taxpayer, in turn, generally has 90 days from the date the notice of deficiency is mailed to file a petition in *402 this Court for a redetermination of the deficiency. Sec. 6213(a). There in no dispute in the present case that respondent mailed a notice of deficiency to petitioners on August 12, 1994. However, petitioners did not file a petition for redetermination with this Court until the petition was hand delivered to the Court by private courier on November 14, 1994. That date is 94 days after the date on which the notice of deficiency was mailed. Under the circumstances, it is evident that the petition was not filed within the 90-day period prescribed in section 6213(a). It necessarily follows that we lack jurisdiction to redetermine petitioners' tax liability for 1991. As previously indicated, respondent concedes that this case should be dismissed for lack of jurisdiction as to petitioner Delora Lightsey on the ground that the notice of deficiency was not issued to her at her last known address as required by section 6212(b). Petitioners do not object to the dismissal of this case as to petitioner Delora Lightsey on that ground. Accordingly, we will grant respondent's motion to dismiss, filed May 4, 1995. The more troublesome matter is the proper disposition of respondent's Motion to Dismiss *403 for Lack of Jurisdiction as to petitioner Steve G. Lightsey. Notwithstanding the foregoing concession as to petitioner Delora Lightsey, respondent contends that the notice of deficiency was mailed to petitioner Steve G. Lightsey at his last known address. As previously indicated, petitioner disagrees with this proposition. Although the phrase "last known address" is not defined in the Internal Revenue Code or the regulations, we have held that a taxpayer's last known address is the address shown on the taxpayer's most recently filed tax return, absent clear and concise notice of a change of address. ; see . The burden of proving that a notice of deficiency was not sent to the taxpayer's last known address is on the taxpayer. . We conclude that the notice of deficiency was mailed to petitioner Steve G. Lightsey at his last known address. Of significance is the fact that respondent mailed the notice to the Valley Avenue address, i.e., the address appearing on petitioners' *404 1993 return -- the last return filed by petitioner Steve G. Lightsey prior to the issuance of the notice of deficiency. We also observe that the Valley Avenue address is the address listed on the air bill attached to the Federal Express envelope in which the petition arrived at the Court on November 14, 1994. In conjunction with the foregoing, we decline to accept petitioner's argument that respondent's letter dated July 4, 1994, acknowledging petitioner Delora Lightsey's change of address supports a finding that respondent was also given clear and concise notification of any change of address regarding petitioner Steve G. Lightsey. In this regard, the parties were unable to provide the Court with any information regarding the precise nature or content of the communication leading respondent to acknowledge petitioner Delora Lightsey's change of address. Equally important, a review of the letter dated July 4, 1994, reveals that respondent's acknowledgment was directed solely to petitioner Delora Lightsey in respect of her separate return for the 1992 taxable year. As previously stated, respondent's acknowledgment letter set forth only the name and taxpayer identification number of *405 petitioner Delora Lightsey and did not include any reference whatsoever to petitioner Steve G. Lightsey. Absent any mention of petitioner Steve G. Lightsey in respondent's letter, we see no basis for concluding that respondent was provided with clear and concise notice of any change of address regarding petitioner Steve G. Lightsey. See, e.g., (the fact that taxpayer's wife had notified Internal Revenue Service of her new address was not tantamount to notice from taxpayer regarding his new address where wife had filed separately).[11]
*406 Considering all of the facts and circumstances, we are persuaded that respondent mailed the notice of deficiency to petitioner Steve G. Lightsey at his last known address. Consequently, we shall grant respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 27, 1994, as to petitioner Steve G. Lightsey, on the ground that he failed to file his petition within the 90-day period prescribed in section 6213(a). [12]
In order to reflect the foregoing, An order will be entered (1) granting respondent's Motion to Dismiss for Lack of Jurisdiction, filed December 27, 1994, as to petitioner *407 Steve G. Lightsey and denying it as to petitioner Delora Lightsey; and (2) granting respondent's Motion to Dismiss for Lack of Jurisdiction as to Delora Lightsey, filed May 4, 1995.
Footnotes
1. All section references are to the Internal Revenue Code and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. Any reference to "petitioner" in the singular shall be to petitioner Steve G. Lightsey.↩
3. The record does not include a copy of petitioners' 1991 return, nor does the record reveal the address that petitioners listed in such return.↩
4. The record does not disclose the precise manner in which petitioner Delora Lightsey notified respondent of her change of address and whether or not she purported to change the address of petitioner Steve G. Lightsey.↩
5. The notice of deficiency was addressed to 1681-C Valley Ave., Homewood, AL 35209. Homewood is a close-in suburb of Birmingham. For postal purposes, Homewood, AL 35209 and Birmingham, AL 35209 are one and the same. Accordingly, there is only one Valley Avenue address.↩
6. At the time the petition was filed, petitioners were residing in Birmingham (Homewood), AL. See supra↩ note 5.
7. The petition is also dated Fri., Nov. 11, 1994.↩
8. No address whatsoever appears on the petition itself.↩
9. We are puzzled by petitioner's contention that his last known address was the Sutherland Place address in view of the fact that the air bill on the envelope bearing the petition listed the Valley Avenue address as petitioner's address.↩
10. We note that respondent does not argue that would serve to overcome her concession that the notice of deficiency was not mailed to petitioner Delora Lightsey at such petitioner's last known address.↩
11. Cf. , revg. wherein the Court of Appeals decided that a notification of change of address by a husband constituted notice of the wife's change of address as well. Gaw v. Commissioner, however, is distinguishable from the present case for at least two reasons. First, in Gaw the husband and wife filed joint returns for the years in issue, whereas in the present case, the notification provided by petitioner Delora Lightsey was in respect of a separate return filed by her. Second, in Gaw↩ the notification letter was part of the record and its contents were known, whereas in the present case, we have no basis to find that the information petitioner Delora Lightsey provided to respondent concerning her change of address should have alerted respondent that petitioner Steve G. Lightsey's address may have changed. See , regarding the burden of proof.
12. Although petitioner Steve G. Lightsey cannot pursue his case in this Court, he is not without a remedy. In short, petitioner may pay the tax, file a claim for refund with the Internal Revenue Service, and if the claim is denied, sue for a refund in the appropriate Federal District Court or the United States Court of Federal Claims. See .↩